# EXHIBIT A

# NOTICE TO TRANS UNION RENTAL SCREENING SOLUTIONS, INC.

## IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CINDY SAVORN UNG

vs.

TRANSUNION RENTAL SCREENING SOLUTIONS INC

NO. 2019-00720

### NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

Case# 2019-00720-3 Docketed at Montgomery County Prothonotary on 02/26/2019 2:15 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Cindy Savorn Ung<br>216 Sunnybrook Avenue<br>Elkins Park, PA  19027 | :<br>:<br>:<br>: | 2019-00720 |
| Plaintiff | : | |
| v.<br>TransUnion Rental Screening Solutions, Inc.<br>6430 South Fiddlers Green Circle, Suite 500<br>Greenwood Village, CO 80111 | :<br>:<br>:<br>: | Jury Trial Demanded |
| Defendant(s) | : | |

### NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

IF YOU CANNOT AFFORD AN LAWYER, YOU MAY BE ELIGIBLE FOR LEGAL AID
THROUGH ONE OF THE FOLLOWING.

LAWYER REFERENCE SERVICE
MONTGOMERY COUNTY BAR ASSOCATION
100 West Airy Street (REAR), NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Montgomery County Legal Aid Services
625 Swede Street, Norristown, PA 19401
610-275-5400

# EXHIBIT B

# COMPLAINT TO TRANS UNION RENTAL SCREENING SOLUTIONS, INC.

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | |
|---|---|
| Cindy Savorn Ung<br>216 Sunnybrook Avenue<br>Elkins Park, PA  19027<br>　　　　　　　　Plaintiff<br>v.<br>TransUnion Rental Screening Solutions, Inc.<br>6430 South Fiddlers Green Circle, Suite 500<br>Greenwood Village, CO 80111<br>　　　　　　　　Defendant(s) | 2019-00720<br><br>Jury Trial Demanded |

## COMPLAINT

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s') alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Plaintiff is Cindy Savorn Ung, an adult individual with a current address of 216 Sunnybrook Avenue, Elkins Park, PA  19027.

3. Defendant is TransUnion Rental Screening Solutions, Inc., with a business address including but not limited to 6430 South Fiddlers Green Circle, Suite 500, Greenwood Village, CO 80111.

## COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.

4. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

5. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

6. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

7. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

8. At all times mentioned in this Complaint, Defendant(s) maintained a "file" on Plaintiff as defined by 15 USC 1681(a)(d) et. seq.

9. At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer Reporting Agency" (CRA) as defined by 15 USC 1681a(f) as follows..

10. Prior to the commencement of this case, Plaintiff's sister, Somaly Ung, contacted Defendant and requested a copy of her own consumer disclosure.

11. Instead of sending Somaly Ung her consumer disclosure, Defendant sent Somaly Ung Plaintiff Savorn Ung's consumer disclosure.

12. Plaintiff and her sister Somaly Ung have different Social Security numbers and different names. They also have different dates of birth.

13. Defendant had no reasonable basis on which to send Plaintiff's consumer disclosure to Somaly Ung.

14. Defendant violated 15 USC 1681b of the FCRA by sending Plaintiff's consumer report / disclosure to Somaly Ung.

Case # 2019-00720-3 Docketed at Montgomery County Prothonotary on 02/26/2019 2:15 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## LIABILITY

15. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

16. It is believed and averred that the acts committed by Defendant(s'), were willful, wanton, and intentional.

17. Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant(s).

18. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

19. Any mistake made by Defendant would have included a mistake of law.

20. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## JURISDICTION

21. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

22. The previous paragraphs of this Complaint are incorporated by reference.

23. Defendant may be personally served in this jurisdiction because Defendant regularly conducts business in this jurisdiction, and avails itself of the market forces in this jurisdiction.

24. A Federal Court has Federal question jurisdiction pursuant to 28 USC 1331, 15 USC 1692, et. seq. and 15 USC 1681 et. seq.

25. A plaintiff invoking federal jurisdiction under Article III of the U.S. Constitution bears the burden of showing a "concrete injury" or a "concrete harm" See Spokeo v. Robbins U.S. Supreme Court Opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), quoting Lujan v. Defenders of Wildlife, 504 U. S. 555 (1992).

26. In order to demonstrate a "concrete harm" plaintiff must show that he or she suffered "an invasion of a legally protected interest."

Case# 2019-00720-3 Docketed at Montgomery County Prothonotary on 02/26/2019 2:15 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

27. A "concrete" injury need not be a measurable or "tangible" injury. Although tangible injuries are perhaps easier to recognize, intangible injuries can nevertheless be concrete. See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), and quoting Pleasant Grove City v. Summum, 555 U. S. 460 (2009). Also see Spokeo v. Robbins U.S. Supreme Court concurring Opinion of the Honorable Justice Clarence Thomas, 13-1119 (2016).

28. To determine if an injury is "concrete," the judgment of Congress is not dispositive, but is instructive. Congress is well positioned to identify intangible harms that meet minimum Article III requirements. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. See Spokeo v. Robbins U.S. Supreme Court opinions of the Honorable Justice Samuel Alito and the Honorable Clarence Thomas, 13-1119 (2016).

29. Congress can create new private causes of action to vindicate private or public rights, and can authorize private plaintiffs to sue based simply on the violation of those private rights. A Plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right; see Spokeo v. Robbins, 13-1119 (2016), Opinion of the Honorable Justice Clarence Thomas quoting Warth v. Seldin, 422 U. S. 490, 500 (1975) and also quoting Havens Realty Corp. v. Coleman, 455 U. S. 363, 373–374 (1982).

30. Congress envisioned the need to provide consumers the tools to research, guard and assist in maintaining their personal data gathered and distributed by consumer reporting agencies such as Defendant(s) in this case. One of those tools is the ability to safeguard one's personal identity and privacy by prohibiting a cosumer reporting agency from giving a consumer report to any person who does nt have a permissible purpose to receive the report. See 15 USC 1681b et. seq. of the FCRA.

31. Defendant did not have a permissible purpose under 15 USC 1681b of the FCRA to send Plaintiff's consumer report / disclosure to Somaly Ung.

32. Plaintiff suffered an actual concrete injury when Defendant sent Plaintiff's consumer report / disclosure to her sister Somaly Ung, because Plaintiff's privacy rights were compromised.

## VENUE

33. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

34. Venue is proper in this District pursuant to 28 USC 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred at or neear this jurisdiction.

   a. Defendant was mailed the consumer report / disclosure to Plaintiff's Sister Somaly Ung in or near this jurisdiction. Therefore a substantial portion of Defendant's acts of misconduct occurred in this jurisdiction.

   b. A substantial amount of the information contained in Plaintiff's consumer file pertained to this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

   c. A substantial amount of the information contained in Plaintiff's consumer file was compiled in this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

Case# 2019-00720-3 Docketed at Montgomery County Prothonotary on 02/26/2019 2:15 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2019-00720-3 Docketed at Montgomery County Prothonotary on 02/26/2019 2:15 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

    d.    Plaintiff's attorney's fees in this fee shifting case, pursuant to 15 USC 1681n, occurred in this jurisdiction. Therefore a substantial portion of the events giving rise this cause of action occurred in this jurisdiction.

    e.    Plaintiff's suffered, confusion, frustration and emotional distress which is recoverable pursuant to 15 USC 1681o as a result of Defendant's omissions. Therefore a substantial portion of the omissions giving rise this cause of action occurred in this jurisdiction.

35. Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction. Such witnesses including but not limited to the following.

    a.    Plaintiff.

    b.    Plaintiff's Sister Somaly Ung.

## DAMAGES

36. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

37. Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

38. Plaintiff believes and avers that she is entitled to $1,000.00 statutory damages pursuant to 15 USC 1681 et. seq..

39. Plaintiff believes and avers that Defendant(s') conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

40. Plaintiff requests punitive damages against Defendant(s) in the amount to be determined by this Honorable Court.

41. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000.00 because Defendant(s') actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.

Case# 2019-00720-3 Docketed at Montgomery County Prothonotary on 02/26/2019 2:15 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

42. Plaintiff believes and avers that punitive damages are warranted due to the willful and wanton nature of the violation as evidenced by the following.

    a.    Plaintiff and Defendant clearly have separate names, addresses Social Security numbers and date of birth.

    b.    There was no reasonable basis to confuse Plaintiff and her sister and to send Plaintiff's sister Plaintiff's consumer disclosure.

## ATTORNEY FEES

43. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

44. Plaintiff is entitled to reasonable attorney fees pursuant to 15 USC 1681 et. seq.

45. Plaintiff believes and avers that the value of Plaintiff's attorney fees is no less than $350 per hour, or other amount determined by this Honorable Court.

46. Plaintiff believes and avers that the value of Plaintiff's attorney fees is no less than $1,750.00 at a rate of $350.00 per hour, enumerated below, or such other amount determined by this Honorable Court.

| | | |
|---|---|---|
| a. | Consultation with client and review of file | 1 |
| b. | Drafting, editing, review, filing and service of complaint and related documents | 2 |
| c. | Follow up contact with Defense and client | 2 |

$$5 \times \$350 = \$1,750$$

47. Plaintiff's attorney fees continue to accrue as the case move forward.

48. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

Case# 2019-00720-3 Docketed at Montgomery County Prothonotary on 02/26/2019 2:15 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## OTHER RELIEF

49. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

50. Plaintiff seeks and Order from this Honorable Court, or other Court of competent jurisdiction, directing Defendant(s) to provide Plaintiff with her credit report once per year, free of charge.

51. Plaintiff requests a jury trial in this matter

52. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $11,751.00 as enumerated below.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq.

$1,750 attorney fees

$9,000 punitive damages

-----

$11,751

Plaintiff seeks such additional relief as the Court deems just and proper.

/s/ Vicki Piontek          2-19-2019

Vicki Piontek, Esquire      Date
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

Case 2:19-cv-01254-JD   Document 1-1   Filed 03/25/19   Page 19 of 19

IN THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Cindy Savorn Ung<br>216 Sunnybrook Avenue<br>Elkins Park, PA  19027<br><br>                           Plaintiff<br><br>v.<br>TransUnion Rental Screening Solutions, Inc.<br>6430 South Fiddlers Green Circle, Suite 500<br>Greenwood Village, CO 80111<br>                           Defendant(s) | : : : : : : : : : : | 2019-00720<br><br><br><br><br>Jury Trial Demanded |

## VERIFICATION

I, Cindy Savorn Ung, have read the attached complaint. The facts stated therein are true and accurate to the best f my knowledge, understanding and belief.

Signature: _Cindy Savorn Ung (Feb 25, 2019)_

Email: savornung@gmail.com